# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| BEN LANE | MOVANT |
| v. | No. 2:04CR11-GHD-JMV |
| UNITED STATES OF AMERICA | RESPONDENT |

## MEMORANDUM OPINION

This matter comes before the court on the motion of Ben Lane to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

### Facts and Procedural Posture

On May 26, 2004, Ben Lane was convicted by a jury of all counts charged against him in a three count indictment: (1) Conspiracy to Commit Armed Robbery of a Casino, (2) Aiding and Abetting the Armed Robbery of a Casino, and (3) Possessing, Carrying and Using a Firearm During and in Relation to and in Furtherance of a Crime of Violence. Based on the evidence presented at trial, the court determined that Lane had a base offense level of 20 for Counts One and Two, and that the following enhancements applied: three-level enhancement for the amount of money stolen from the casino; four-level enhancement for Lane's leadership role in the offense; two-level enhancement for using a minor to commit a crime; two-level enhancement for reckless endangerment resulting from the high-speed chase following the robbery of the casino; and another two-level enhancement for the carjacking that took place in furtherance of the armed robbery of the casino. This resulted in an adjusted offense level of 33, which yielded a suggested sentencing range of 135 to 168 months imprisonment.

For Counts One and Two the court sentenced Lane to the low end of the guideline range – 135 months imprisonment. The court also imposed a sentence of ten years imprisonment on Count Three of the Indictment – to run consecutive to Counts One and Two. The U.S. Probation Service had recommended a seven-year consecutive sentence on Count Three based on evidence presented that Lane brandished a firearm during the armed robbery. However, the court held that the evidence presented at trial showed that a firearm had been discharged by a co-conspirator during the armed robbery. The court also determined that the discharge of a firearm was reasonably foreseeable and done in furtherance of the conspiracy – and that a ten-year consecutive sentence for discharging a firearm was appropriate.

Lane appealed the judgment and sentence to the Fifth Circuit Court of Appeals, asserting two points of error: (1) that the evidence was insufficient to warrant conviction and that the district court therefore erred in denying Lane's motion for acquittal; and (2) that the law required that a jury or a court find proof beyond a reasonable doubt to support any enhancements or upward adjustments to his guideline range. On May 8, 2006, the Fifth Circuit rejected both of Lane's arguments and affirmed his conviction and sentence. Lane filed a Petition for Writ of Certiorari, which the United States Supreme Court denied on October 13, 2006.

On October 11, 2007, Lane filed a Motion for Extension of Time to file a § 2255 motion. The court denied the motion on October 23, 2007. Some six years later, on December 13, 2013, Lane filed the instant motion under 28 U.S.C. 2255, alleging that the U.S. Supreme Court decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) required either that his convictions

be vacated and his case remanded for resentencing, or that he be sentenced to time served and released.

## Discussion

Lane's arguments in the present motion are largely a recapitulation of those considered and rejected by the Fifth Circuit Court of Appeals – and thus procedurally barred. In addition, Lane's motion is barred by the one-year statute of limitations in § 2255. Lane argues that his motion is timely under the United States Supreme Court decision in *Alleyne v. United States*, which Lane believes provides new legal precedent and grounds for his petition that "were not previously presented because they were not cognizable at law." This argument is unavailing. Although *Alleyne* affects prosecutions under 18 USC 924(c) – and the way in which those cases must be charged and proven in future prosecution – it does not provide relief for Lane because it does not operate retroactively.

## Statute of Limitations

28 U.S.C. § 2255(f) establishes a "1-year period of limitation" for motions under Section 2255. The limitations period in Section 2255(f) runs from "the latest of" four specified dates, including "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2253(f)(3); *see Dodd v. United States*, 545 U.S. 353, 357 (2005) (limitations period under Section 2255(f)(3) runs from the date of the Supreme Court decision "initially recogniz[ing]" the right in question). Section 2255 motions raising *Alleyne* claims are not timely under Section 2255(f)(3) because, as discussed below, the decision does

not apply retroactively to cases on collateral review. Thus, Lane's petition is untimely; his conviction became final on October 13, 2006 – some six years before he filed the instant motion under 28 U.S.C. § 2255.

## Procedural Bar

"[I]sues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions. *United States v. Webster*, 392 F.3d 787, 791 n. 5 (5th Cir. 2004). Lane's allegations attacking his convictions and sentence are the same ones raised and rejected during his direct appeal. They are thus barred from further collateral review and must be dismissed. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997).

### *Alleyne v. United States*: Not Retroactive

Lane's § 2255 claims also fail on the merits. In *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the Supreme Court held that the constitution rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applies to facts that increase the *mandatory minimum* punishment for a crime – and that under *Apprendi*, any fact (other than the fact of a prior conviction) that increases a mandatory minimum sentence "is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2155. The *Alleyne* decision overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that *Apprendi* did not preclude the use of facts found by a judge at sentencing to increase a defendant's mandatory minimum sentence.

The defendant in *Alleyne* was convicted of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Section 924(c) contains a five-year mandatory minimum sentence for any violation, but the minimum term is increased to seven years if the

firearm was brandished – and to ten years if the firearm was discharged. *See* 18 U.S.C. § 24(c)(1)(A)(i)-(iii). The jury in Alleyne's trial did not find that the firearm he used was brandished, and Alleyne argued that imposition of the seven-year mandatory minimum sentenced based on the sentencing court's finding of brandishing violated his Sixth Amendment right to a jury trial under *Apprendi*. *Alleyne*, 133 S. Ct. at 2156. The trial court rejected that claim based on *Harris*, which held that brandishing under Section 924(c) was a sentencing factor that need not be found by the jury. *Id.* The court found, by a preponderance of the evidence, that the firearm was brandished – and sentenced Alleyne to seven years of imprisonment for the Section 924(c) offense. *Id.* Thus, the court's finding that the firearm was brandished increased the statutory minimum sentence for Alleyne.

The Sixth Amendment requires any fact "[o]ther than the fact of a prior conviction" that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt (or admitted by the defendant). *Apprendi*, 530 U.S. at 490. Under the Fifth Amendment, facts subject to the *Apprendi* rule also must be charged in a federal indictment. *See United States v. Cotton*, 535 U.S. 625, 627 (2002). In *Harris*, the Court held that the constitutional principal recognized in *Apprendi* did not apply to facts that increase a statutory mandatory minimum sentence. *See Harris*, 536 U.S. at 565, 567-568 (plurality opinion); *id.* at 569, 572 (Breyer, J., concurring in part and concurring in the judgment.

In *Alleyne*, the Court reconsidered and rejected the distinction it drew in *Harris* between facts that increase the statutory maximum sentence and those that increase the mandatory minimum. 133 S. Ct. at 2160-2163. The Court reasoned that "the essential Sixth Amendment

- 5 -

inquiry is whether a fact is an element of the crime," and that "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." *Id.* at 2162. Because a fact that increases the minimum sentence "aggravates the legally prescribed range of allowable sentences," it constitutes an element of a separate, aggravated offense that must be found by the jury." *Id.* The *Alleyne* ruling does not "mean that any fact that influences judicial discretion must be found by a jury," as "broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Id.* at 2163 (emphasis added).

Applying *Alleyne* to the instant motion, most of the issues Lane raises are not viable under 28 U.S.C. § 2255. The court adjusted Lane's guideline range based on the amount of loss, his leadership role, recruitment of a minor, carjacking, and reckless endangerment. The court's findings did not increase a mandatory minimum sentence or statutory maximum because the court found, by a preponderance of the evidence, facts supporting the adjustments. Under *Alleyne*, the court used proper discretion in applying these adjustments. In any event, as discussed above, the Fifth Circuit considered and rejected these arguments; thus they are procedurally barred in a § 2255 proceeding.

Likewise, Lane's request for relief from the sentence imposed for his conviction on Count Three for violations of 18 U.S.C. § 924(c) are also without merit. *Alleyne* adopted a new constitutional rule of criminal procedure, which, under *Teague v. Lane*, 489 U.S. 288 (1989), is not retroactively applicable to cases that became final before the decision was announced. Under *Teague*, new procedural rules do not apply retroactively to cases on collateral review unless they

quality as "watershed" rules implicating "the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495 (1990). A "new rule" under *Teague* is one that was not "'dictated by precedent existing at the time the defendant's conviction became final.'" *Graham v. Collins*, 506 U.S. 461, 467 (1993) (quoting *Teague*, 489 U.S. 301); *see Sawyer v. Smith*, 497 U.S. 227, 234 (1990). The rule announced in *Alleyne* was not dictated by prior precedent; rather, *Harris* dictated the opposite result. The *Alleyne* rule is procedural because, unlike a substantive rule, which "alters the range of conduct or the class of persons that the law punishes," *Alleyne*'s holding "regulate[s] only the manner of determining the defendant's culpability." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). And like *Apprendi* itself, *Alleyne* did not announce a "watershed" rule "without which the likelihood of an accurate conviction is seriously diminished." *Summerlin*, 542 U.S. at 352 (quoting *Teague*, 489 U.S. at 313). Lane has not shown that the Supreme Court intended for *Alleyne* to be applied retroactively.

In any event, even if *Alleyne* were applied retroactively to the present case, Lane would not be entitled to relief. Lane was actually charged in Count Three of the indictment with possessing, carrying, using, brandishing and discharging firearms in connection with a robbery. Evidence was presented at trial that Lane actually *did* brandish a firearm – and that a co-defendant, *indeed*, discharged a firearm. A jury found him guilty of the charge beyond reasonable doubt. As such, the present case can be distinguished from *Alleyne* – where the defendant was only charged with *using or carrying* a firearm in relation to a crime of a violence, and a jury returned a verdict form indicating that Alleyne had *"used or carried"* a firearm – *but made no mention of "brandishing."* *Alleyne*, 133 S. Ct at 2155-56. In that instance, a five year

sentence was appropriate. In the present case, however, Lane was on notice that he was exposed to a ten-year sentence for discharge of a weapon. The facts supporting that charge were set forth in the indictment, and a jury returned a verdict of guilty as to Count Three – for using, carrying, brandishing, and discharging a firearm. This ground for relief is, therefore, without substantive merit and will be denied.

## Conclusion

In sum, the instant motion to vacate, set aside, or correct sentence will be denied as time barred, procedurally barred, and on the merits. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 22nd day of August, 2014.

/s/ Glen H. Davidson
_____
SENIOR JUDGE